4/4/2019 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 3251298
By: Miaeda Hutchinson
Filed: 4/4/2019 12:42 PM

## 2019-24308 / Court: 334

### CAUSE NO. _____

| | | |
|---|---|---|
| **LORIE MCQUADE** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **BYNOG CARRIERS, L.L.C.,** | § | |
| **ALVIN VEULEMAN, L.L.C. AND** | § | |
| **JUSTIN M. BYNOG** | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION DISCOVERY TO DEFENDANTS

**NOW COMES** Plaintiff, LORIE MCQUADE, Plaintiff herein, complaining of Defendants BYNOG CARRIERS, L.L.C. ("Defendant Bynog Carriers"), ALVIN VEULEMAN, L.L.C. ("Defendant Veuleman") and Justin M. Bynog ("Defendant Justin Bynog"), and in support thereof would show the Court as follows:

### I.
### DISCOVERY

1.1     In compliance with Rule 190 of the Texas Rules of Civil Procedure, Plaintiff avers that discovery be conducted pursuant to Level 3.

### II.
### PARTIES

2.1     Plaintiff is a resident of Harris County, Texas.  Plaintiff brings suit individually for her injuries and damages sustained as result of the accident.

2.2     Defendant Bynog Carriers is a Louisiana Company that does not maintain a principal place of business in the State of Texas.  This lawsuit arises in part from Bynog Carriers' business transactions in Texas and committal of a tort in the state of Texas.  For

these reasons the Secretary of State is the agent for service of Bynog Carriers, who may be served by the Secretary of State forwarding a copy of the process and petition to an officer or director of Bynog Carriers or its registered agent for service Justin M. Bynog at 730 Herron Circle, Alexandria, Louisiana 71303 or wherever else it may be found.

2.3     Defendant Alvin Veuleman L.L.C. is a Louisiana Company that does not maintain a principal place of business in the state of Texas. This lawsuit arises in part from Veuleman's business transactions in Texas and committal of a tort in the state of Texas. For these reasons the Secretary of State is the agent for service of Alvin Veleman, LLC, who may be served by the Secretary of State forwarding a copy of the process and petition to an officer or director of Alvin Veuleman, LLC or its registered agent for service J. Casey Simpson, at its principal place of business at 387 Friendship Road, Robeline, Louisiana, 71469 or wherever else it may be found.

2.4     Defendant Justin M. Bynog is an individual residing in Louisiana and does not maintain a principal place of business in the State of Texas. This lawsuit arises in part from Justin M. Bynog business transactions in Texas and committal of a tort in the state of Texas. For these reasons the Secretary of State is the agent for service of Justin M. Bynog, who may be served by the Secretary of State forwarding a copy of the process and petition to 730 Herron Circle, Alexandria, Louisiana 71303 or wherever else he may be found.

### III.
### VENUE AND JURISDICTION

3.1     Venue is proper in Harris County, Texas, pursuant to Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code in that Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.2     Defendants purposely availed themselves to the privilege of conducting activities within the State of Texas by conducting business and commerce in the State of Texas.

3.3     Defendants committed a tort within the State of Texas

3.4     The amount sought herein exceeds the minimum jurisdictional limits of this Court.

3.5     Plaintiff seeks monetary relief of more than $1,000,000.

### IV.
### FACTS

4.1     This case arises out of an automobile accident, which occurred in Harris County on or about the morning of April 7, 2017.  There was a collision on U.S. 59 in Harris County, Texas.  Defendant Justin Bynog was driving a 2015 Freightliner tractor-trailer owned by Defendants Bynog Carriers and Alvin Veuleman, LLC southbound in the first lane when he failed to operate his vehicle in a safe manner and improperly changed lanes and struck the front, left side of Plaintiff's vehicle.  The initial collision caused Plaintiff's vehicle to turn sideways in front of the tractor trailer, which caused subsequent collisions with the front of the tractor and the Plaintiff's vehicle and the side

of the trailer and the Plaintiff's vehicle.  Plaintiff's vehicle ultimately struck the concrete wall dividing the highways and came to a stop.  The tractor-trailer negligently failed to maintain its lane of traffic and keep a proper lookout as a person of ordinary care would have kept.  The collision was the result of the negligence of Defendants.  At the time of the accident, Defendant Justin Bynog was within the course and scope of his employment with his prospective employer.    Plaintiff's injuries and damages were the direct, producing and proximate cause of the negligence of Defendants.

## V.  RESPONDEAT SUPERIOR LIABILITY

5.1    At the time of the incident in question, Defendant Justin Bynog, the employee/driver of Defendant Bynog Carriers was acting in the course and scope of his employment in the furtherance of his respective employer's business.    Therefore, pursuant to the doctrine of respondeat superior, Defendants Bynog Carriers and Alvin Veuleman, LLC are responsible for its respective driver' negligence.

## VI.  NEGLIGENCE

6.1    Defendant Justin Bynog committed acts of omission and commission, which constituted negligence per se.  Such negligence and negligence pers se was a proximate cause of the occurrence in question, the severe injuries and the resulting damages of Plaintiff for which Defendant Justin Bynog is legally responsible.

6.2    Defendants Bynog Carriers and/or Alvin Veuleman, LLC committed acts of omission and commission, which constituted negligence and negligence per se.  Such negligence and negligence per se were a proximate cause of the occurrence in question,

the severe injuries the Plaintiff sustained and the resulting damages for which Defendants Bynog Carriers and/or Alvin Veuleman, LLC are legally responsible.

6.3     Plaintiff alleges Defendant Justin Bynog, the driver of Bynog Carriers/Alvin Veuleman LLC was negligent in one or more of the following manners including, but not limited to:

A.      Failing to drive in a single lane

B.      In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

C.      Failing to take proper evasive action to avoid the collision;

D.      In failing to timely and properly apply his brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

E.      In failing to keep the vehicle he was driving under proper control, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances; and

F.      Failing to follow the traffic laws of the State of Texas

6.4     Plaintiff further alleges that Defendants Bynog Carriers and/or Alvin Veuleman, LLC was negligent in one or more of the following manners including but ot limited to:

A.      Failing to properly train its drivers;

B.      Failure to establish an adequate safety program;

C.      Failing to adequately supervise its drivers;

D.      Negligently entrusting its vehicle to its employee/driver;

E.     Negligently hiring, supervising and retaining its employee driver who was an unqualified and careless driver; and

F.     Failure to maintain its equipment.

6.5     Plaintiff shows that the conduct referenced on the part of the Defendants, their agents, successors and assigns, acting individually and jointly, constitute negligence and/or gross negligence as that term is defined in law and that, as a result, Plaintiff is entitled to an award of actual damages against the Defendants jointly and severally, against Defendants.  These acts and omissions were a proximate cause of the collision, injuries and damages set forth in this petition.

## VII.  NEGLIGENT ENTRUSTMENT

7.1     Defendants Bynog Carriers and Alvin Veuleman, its agents, successors and assigns were guilty of negligent and/or gross negligence entrustment, in that it knew or should have known that its employee/driver was a reckless driver given his driving history and other factors.  This negligent entrustment was a proximate cause of the collision in question and the personal injuries and other damages sustained by Plaintiff.

## VIII.  DAMAGES

8.1     As a direct, proximate and foreseeable result of the above referenced act and/or omissions of the Defendants, the Plaintiff has sustained severe and permanent physical, mental and emotional injuries, physical impairment as well as economic losses. The Plaintiff's damages are within the jurisdictional limits of this Court.  Such damages include, but are not limited to:

*Personal Injury Damages*

1) Physical pain and mental anguish in the past and future;

2) Loss of earning capacity in the past and future;

3) Physical impairment in the past and future;

4) Medical care in the past and future;

5) All other damages allowed by law and equity

## IX.  NOTICE

9.1     Pursuant to Tex. R. Civ. P. 193.3(d) and 193.7, Plaintiff gives notice that she intends to use all documents exchanged and produced between the parties and/or made exhibits herein.

## X.  PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## XI.  JURISDICTIONAL AMOUNT

11.1     By reason of the facts alleged herein, the Plaintiff has been made to suffer and sustain injuries and damages at the hands of the Defendants in excess of the minimum jurisdictional limits of this court and in an amount to be determined by the jury in this case and as the evidence may show proper at the time of the trial. Plaintiff pleads damages are over $1,000,000.00.

## XII.  REQUEST FOR JURY TRIAL

12.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby requests a trial by jury.  Plaintiffs hereby tender the appropriate jury fee.

## XIII.  REQUEST FOR DISCLOSURE

13.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

## XIV.  REQUEST FOR PRODUCTION

14.1    Plaintiff requests Defendant Bynog Carriers produce the following:

1.      All driver's files to include but not limited to those maintained pursuant to the application, qualification, background and character, training, testing, annual reviews of driver record, property damage reports, injury accident reports, reportable traffic accident reports, controlled substance/alcohol testing (49 CFR § 382) and periodic review of Justin  Bynog which are routinely maintained by your company and required as a course of industry standard as well as compliance with the Controlled Substance and Alcohol Use and Testing Standards (49 CFR § 382), Commercial Driver's License Standards (49 CFR § 383) and Federal Motor Carrier Safety Regulations (49 CFR § 391).

2.      All records pertaining to the routine course of business, dispatching, trip monitoring, dispatch progress reports, communications with the driver or the subject vehicle, pay records and bills of lading of Justin Bynog for the subject accident date and all such documents for a period of six (6) months preceding the subject accident.

3.      All driver daily logs maintained pursuant to 49 CFR Part 395.8 of the Federal Motor Carrier Safety Regulations AND "supporting documents" of Justin Bynog.

4.      The daily inspection reports of Justin Bynog for the period of two weeks prior to the accident as required to be maintained pursuant to 49 CFR § 396.11 and 49 CFR § 396.13.

5.      All maintenance records of the tractor trailer involved in the accident.

6.      All mechanical or electronic records by the on-board recording, satellite, or other communication device from the tractor trailer involved in the accident to include but not be limited to tacographs, Tripmaster™,

Highway Master®, ARGO Fleet Management System™, Cadec™, Detroit Diesel IRIS® Infrared Information System, Triplogger®, Qualcom™, Trip Reports, OmniTrac®, QTRACS®, any satellite locator records, any vehicle tracking records or any similar device.

7.     All records produced or received pursuant to inspections by state or federal officials relating to the tractor trailer involved in the accident.

8.     All company policies, procedures and training manuals.

9.     All records, emails, data, photos and videos pertaining to the accident made the basis of this suit.

10.    All agreements and/or contracts between Bynog Carriers and Alvin Veuleman, LLC.

## XV.  RESERVATION OF RIGHTS

15.1   Plaintiff reserves the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts or damages upon further discovery and as their investigation continues.

## XVI.  CONDITIONS PRECEDENT

16.1   Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein and to Defendants' liability have been performed or have occurred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from the Defendants for her actual damages in such amount as the evidence may show and the jury may determine to be proper,

together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which she may show themselves to be justly entitled.

Respectfully submitted,

MAGENHEIM & ASSOCIATES

/s/ Alan N. Magenheim

By:_____

Alan N. Magenheim
SBOT:  12816200
3701 Kirby Drive, Suite 913
Houston, Texas  77098
(713) 529-1700
(713) 529-1705 – Facsimile
alan@magenheimlaw.com
service@magenheimlaw.com

ATTORNEYS FOR PLAINTIFF